FRANKLIN C. ADAMS, Bar No. 85351
franklin.adams@bbklaw.com
THOMAS J. EASTMOND, Bar No. 211591
thomas.eastmond@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue, 5th Floor
P.O. Box 1028
Riverside, CA 92502
Telephone: (951) 686-1450
Facsimile: (951) 686-3083

Attorneys for Plaintiff
Robert S. Whitmore Chapter 7 Trustee for the
Bankruptcy Estate of Eastward Sports Group Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>EASTWARD SPORTS GROUP INC.,<br><br>Debtor. | Case No. 6:15-bk-19317-WJ<br><br>Chapter: 7<br><br>Adv. No: |
| ROBERT S. WHITMORE, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTWARD SPORTS GROUP INC.,<br><br>Plaintiff,<br><br>vs<br><br>JAMES EARL THOMPSON, individually and doing business as SCOOTER ZONE, THE SCOOTER ZONE, and WAR TIME SCOOTERS,<br><br>Defendants. | COMPLAINT FOR:<br><br>1. BREACH OF WRITTEN CONTRACT;<br>2. BREACH OF ORAL CONTRACT;<br>3. GOODS SOLD AND DELIVERED;<br>4. REASONABLE VALUE OF GOODS SOLD AND DELIVERED;<br>5. OPEN BOOK ACCOUNT; AND<br>6. ACCOUNT STATED |

## COMPLAINT

Plaintiff Robert S. Whitmore, Trustee of the Bankruptcy Estate of Eastward Sports Group, Inc. hereby alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to, and under, Federal Rule of Bankruptcy Procedure 7001.

2. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(c) and 1334 and pursuant to General Order No. 66 dated October 9, 1984 referring all Title 11 cases and proceedings in this district to the bankruptcy judges for the Central District of California, to hear this adversary proceeding, which is related to a case under Title 11, and to submit proposed findings of facts and law to the district court for the entry of judgment.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as this adversary proceeding relates to a case under Title 11 which is pending in this District.

## THE PARTIES

4. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 3 of this complaint.

5. On September 15, 2015, Eastward Sports Group, Inc., a California corporation ("Debtor"), filed a petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et. seq., as case no. 6:15-bk-19317 WJ (hereinafter the "Bankruptcy Case"). Robert S. Whitmore was and is the duly appointed and acting Chapter 7 interim Trustee (the "Trustee") of the bankruptcy estate created under the Bankruptcy Case (the "Bankruptcy Estate").

6. The Trustee is informed and believes, and on that basis alleges, that Defendant James Earl Thompson ("Defendant") is an individual resident of Riverside, Riverside County, California, and is doing business or has done business in Riverside, Riverside County, California under the fictitious name "Scooter Zone" and/or "The Scooter Zone" and/or "War Time Scooters."

///

///

///

## FIRST CAUSE OF ACTION

(Breach of Written Contract)

7. The Trustee re-alleges and incorporates by reference paragraphs 1 through 6 of this complaint.

8. Debtor is, and at all times relevant hereto was, a wholesale distributor of freestyle scooters and other sporting goods equipment.

9. At all times relevant hereto, Defendant is and was a retail distributor of freestyle scooters and other sporting goods equipment.

10. Plaintiff is informed and believes, and on that basis alleges, that within the past four (4) years, entered into a written agreement memorialized by account statements (the "Written Agreement"), pursuant to which Debtor agreed to provide Defendants with certain freestyle scooter and sporting goods merchandise, and Defendant agreed to pay Debtor for the merchandise. A true copy of the last statement of the Written Agreement is attached hereto as Exhibit 1.

11. Within the past four (4) years, at the request of Defendant, pursuant to the terms of the Written Agreement, Plaintiff supplied merchandise to Defendant in Riverside, California.

12. Although Defendant was invoiced for the merchandise in accordance with the terms of the Written Agreement, Defendant failed to pay invoices due in the total amount of $14,445.32.

13. On or about October 26, 2015, the Trustee contacted Defendant to request that Defendant pay all outstanding invoices, in the amount of $14,445.32. A true copy of this correspondence is attached hereto as Exhibit 2. Defendant did not respond to the Trustee's request.

14. On or about March 8, 2016, at the request of the Trustee, Trustee's counsel Best Best & Krieger LLP contacted Defendant to request that Defendant pay the amount due of $14,445.32. Defendant did not respond to this request for payment. A true copy of this correspondence is attached hereto as Exhibit 3.

15. Debtor has performed all conditions, covenants, and promises required of its part

to be performed in accordance with the terms and conditions of the Written Agreement, including delivery of the aforementioned merchandise.

16. Defendant has breached the Written Agreement by failing to make the required payments to Debtor. There remains an outstanding balance of approximately $14,445.32 owed by Defendant to Debtor.

17. As a direct and proximate result of Defendant's breach of the contract, Debtor has suffered damages in excess of $14,445.32, and the Trustee, on behalf of Debtor's Bankruptcy Estate, is entitled to recover said damages with interest thereon from on or about September 26, 2015.

## SECOND CAUSE OF ACTION

(Breach of Oral Contract)

18. The Trustee re-alleges and incorporates by reference paragraphs 1 through 6 of this complaint.

19. Debtor is, and at all times relevant hereto was, a wholesale distributor of freestyle scooters and other sporting goods equipment.

20. At all times relevant hereto, Defendant is and was a retail distributor of freestyle scooters and other sporting goods equipment.

21. Plaintiff is informed and believes, and on that basis alleges, that within the past three (3) years, entered into an oral agreement (the "Oral Agreement"), pursuant to which Debtor agreed to provide Defendants with certain freestyle scooter and sporting goods merchandise, and Defendant agreed to pay Debtor for the merchandise.

22. Within the past three (3) years, at the request of Defendant, pursuant to the terms of the Oral Agreement, Plaintiff supplied merchandise to Defendant in Riverside, California.

23. Although Defendant was invoiced for the merchandise in accordance with the terms of the Oral Agreement, Defendant failed to pay invoices due in the total amount of $14,445.32.

24. On or about October 26, 2015, the Trustee contacted Defendant to request that Defendant pay all outstanding invoices, in the amount of $14,445.32. Defendant did not respond

1  to the Trustee's request.

2      25.    On or about March 8, 2016, at the request of the Trustee, Trustee's counsel Best Best & Krieger LLP contacted Defendant to request that Defendant pay the amount due of $14,445.32. Defendant did not respond to this request for payment.

    26.    Debtor has performed all conditions, covenants, and promises required of its part to be performed in accordance with the terms and conditions of the Oral Agreement, including delivery of the aforementioned merchandise.

    27.    Defendant has breached the Oral Agreement by failing to make the required payments to Debtor. There remains an outstanding balance of approximately $14,445.32 owed by Defendant to Debtor.

    28.    As a direct and proximate result of Defendant's breach of the contract, Debtor has suffered damages in excess of $14,445.32, and the Trustee, on behalf of Debtor's Bankruptcy Estate, is entitled to recover said damages with interest thereon from on or about September 26, 2015.

## THIRD CAUSE OF ACTION

(Goods Sold and Delivered)

    29.    The Trustee re-alleges and incorporates by reference paragraphs 1 through 17 of this complaint.

    30.    Within the last four years at Riverside, California, Defendant became indebted to Debtor in the sum of approximately $14,445.32 for goods sold and delivered to Defendant.

    31.    Despite the Debtor's and subsequently the Trustee's demands for payment, neither all nor part of that sum has been paid. There is now due, owing and unpaid from Defendants approximately $14,445.32together with interest thereon at a rate of 1.5% per month from on or about September 26, 2015.

## FOURTH CAUSE OF ACTION

(Reasonable Value of Goods Sold and Delivered- Quantum Valebant)

    32.    The Trustee re-alleges and incorporates by reference paragraphs 1 through 17 and 29 through 31 of this complaint.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

1  33.  Within the last four years at Riverside, California, Debtor sold and delivered certain goods at the special request of Defendant, and Defendant agreed to pay Debtor the reasonable value of those goods.

34.  Despite the Debtor's and subsequently the Trustee's demands, neither all nor part of that sum has been paid.

35.  At the time of the sale and delivery, the fair and reasonable value of the goods was approximately $$14,445.32.

## FIFTH CAUSE OF ACTION

(Open Book Account)

36.  The Trustee re-alleges and incorporates by reference paragraphs 1 through 17 and 29 through 35 of this complaint.

37.  Within the last four years, Defendant became indebted to Debtor on an open book account for money due in the sum of approximately $14,445.32 at Defendant's special instance and request and for which Defendant agreed to pay the above sum. A copy of this account is attached hereto and incorporated herein as the above-identified Exhibit 1.

38.  Neither the whole nor any part of the above sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid the sum of approximately $14,445.32, with interest thereon at the legal rate from September 26, 2015.

## SIXTH CAUSE OF ACTION

(Account Stated Against All Defendants)

39.  The Trustee re-alleges and incorporates by reference here the allegations set forth in paragraphs 1 through 17 and 29 through 38 above.

40.  Within the last four years, at Riverside, California, an account was stated in writing by and between Debtor and Defendant, wherein it was agreed that Defendant was indebted to Debtor in the sum of $14,445.32.

41.  Neither all nor any part of that sum has been paid, although demand therefore has been made, and there is now due, owing, and unpaid, the sum of approximately $14,445.32, with interest thereon at the legal rate from September 26, 2015.

WHEREFORE, the Trustee prays for judgment against Defendant as follows:

1. For damages according to proof at the time of trial, in an amount not less than $14,445.32;

2. For attorneys' fees to the extent recoverable pursuant to contract or statute;

3. For costs of suit herein incurred;

4. Interest; and

5. For such other and further relief as the Court may deem proper.

Dated: September 13, 2016                    BEST BEST & KRIEGER LLP


By: /s/ Thomas J. Eastmond
    THOMAS J. EASTMOND
    Attorneys for Plaintiff
    Robert S. Whitmore Chapter 7 Trustee for
    the Bankruptcy Estate of Eastward Sports
    Group Inc.

# EXHIBIT "1"

99999.91385\690660.4

Eastward Sports Group, Inc.
390-B Meyer Circle
Corona, Ca 92879

# Statement

| Date |
|---|
| 9/28/2015 |

To:
SCOOTER ZONE
4121 BUCHANAN
RIVERSIDE, CA 92505

| Amount Due | Amount Enc. |
|---|---|
| $14,445.32 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 12/31/2014 | Balance forward | | 11,755.50 |
| 01/15/2015 | PMT #532. | -500.00 | 11,255.50 |
| 01/19/2015 | INV #10887. Due 02/18/2015. Give a call when its ready. Thanks guys - Nick 951-858-3137 | 2,372.50 | 13,628.00 |
| 02/13/2015 | INV #10889. Due 03/15/2015. Give a call when its ready so I can swing by and grab it. 951-858-3137 - Nick | 337.50 | 13,965.50 |
| 03/02/2015 | PMT #541. | -1,500.00 | 12,465.50 |
| 03/04/2015 | INV #10227. Due 04/03/2015. Ill come down Wednesday morning to pick it up/drop off Davies ODI order.-Nick Darer | 545.00 | 13,010.50 |
| 03/04/2015 | PMT | -545.00 | 12,465.50 |
| 03/20/2015 | INV #10326. Due 04/19/2015. | 1,025.00 | 13,490.50 |
| 03/23/2015 | INV #10351. Due 04/22/2015. Give me a call when its ready at 951-858-3137. Also, Jake mentioned he had 12 completes ready for us. White/Gold, Black/Teal(or blue), and White/Teal. Id like to grab those as well. I also have 10 Cam Ward Bars to return, we decided not to carry this tartans,Nick | 1,605.00 | 15,095.50 |
| 04/02/2015 | INV #10408. Due 05/02/2015. | 882.50 | 15,978.00 |
| 04/02/2015 | INV #10410. Due 05/02/2015. I would like to order another 5 of the exclusive District custom completes, the white and teal ones. Also, Jake said the red and white Cam Ward completes can come with the Large AL-2 bars me a call when its ready. 951-858-3137.Thanks,Nick | 4,095.00 | 20,073.00 |
| 04/18/2015 | INV #10891. Due 05/18/2015. Give me a call when its ready, 951-858-3137. Thanks guys, Nick | 1,175.00 | 21,248.00 |
| 04/29/2015 | PMT #592. | -1,375.00 | 19,873.00 |
| 05/06/2015 | INV #10890. Due 06/05/2015. | 2,046.00 | 21,919.00 |
| 05/22/2015 | PMT #559. | -3,000.00 | 18,919.00 |
| 06/04/2015 | PMT #596. | -250.00 | 18,669.00 |
| 06/10/2015 | INV #10821. Due 07/10/2015. Just give a call when its ready. 951-858-3137 | 1,245.67 | 19,914.67 |
| 06/22/2015 | INV #10884. Due 07/22/2015. Give a call or text when its ready. 951-858-3137 | 727.40 | 20,642.07 |
| 06/22/2015 | INV #10885. Due 07/22/2015. | 282.00 | 20,924.07 |
| 06/22/2015 | INV #10886. Due 07/22/2015. | 281.25 | 21,205.32 |
| 07/22/2015 | INV #11112. Due 08/21/2015. | 262.62 | 21,467.94 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 3,240.00 | 0.00 | 2,536.32 | 8,669.00 | $14,445.32 |

# Statement

Eastward Sports Group, Inc.
390-B Meyer Circle
Corona, Ca 92879

| Date |
|---|
| 9/28/2015 |

**To:**
SCOOTER ZONE
4121 BUCHANAN
RIVERSIDE, CA 92505

| Amount Due | Amount Enc. |
|---|---|
| $14,445.32 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 07/22/2015 | PMT | -262.62 | 21,205.32 |
| 07/31/2015 | PMT #2772. | -7,500.00 | 13,705.32 |
| 08/25/2015 | PMT | -2,500.00 | 11,205.32 |
| 08/27/2015 | INV #11255. Due 09/26/2015. | 3,240.00 | 14,445.32 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 3,240.00 | 0.00 | 2,536.32 | 8,669.00 | $14,445.32 |

Page 2

# EXHIBIT "2"

*ROBERT S. WHITMORE*
*3600 Lime Street*
*Suite #616*
*Riverside, CA 92501*
*(951) 276-9292*

October 26, 2015

Scooter Zone
4121 Buchanan
Riverside, CA 92505

      RE: EASTWARD SPORTS GROUP, INC.
      BANKRUPTCY NO.: 6:15-19317-WJ

Dear Sirs:

Please be advised that I am the duly appointed, qualified and acting Trustee in the Bankruptcy of the above-named Debtor who was adjudicated a debtor on September 22, 2015.

As Trustee is my duty to collect all accounts due and owing to the debtor.

In it's petition for bankruptcy the debtor has scheduled that you are indebted to them in the sum of $14,445.32.

If you have already paid this debt, please forward to my office a copy of your canceled check or paid receipt. If for some reason you feel you do not owe this debt, send to my office an accounting of why you do not owe this debt.

I will set my calendar ahead 30 days from the mailing of this notice for your response. Should I not receive a response, I will assume that you owe the above amount and do not intend to pay. Legal proceedings will then be instituted for collection of this debt.

Please make all payments payable to Robert S. Whitmore, Trustee and mail to my office at the above address.

Thank you for your cooperation in this matter.

Sincerely,

*[signature]*

ROBERT S. WHITMORE,
CHAPTER 7 TRUSTEE

RSW:sms

# EXHIBIT "3"

**BBK**

**BEST BEST & KRIEGER**
ATTORNEYS AT LAW

Indian Wells
(760) 568-2611

Irvine
(949) 263-2600

Los Angeles
(213) 617-8100

Ontario
(909) 989-8584

3390 University Avenue, 5th Floor, P.O. Box 1028, Riverside, CA 92502
Phone: (951) 686-1450 | Fax: (951) 686-3083 | www.bbklaw.com

Sacramento
(916) 325-4000

San Diego
(619) 525-1300

Walnut Creek
(925) 977-3300

Washington, DC
(202) 785-0600

Franklin C. Adams
(951) 826-8302
franklin.adams@bbklaw.com

March 8, 2016

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Scooter Zone
4121 Buchanan
Riverside, CA  92505

    Re:  Eastward Sports Group, Inc.; Bankruptcy Case # 15-19317

Dear Sirs:

  I represent Robert S. Whitmore, Chapter 7 Trustee in the above referenced bankruptcy case. On October 26, 2015 the Trustee sent you a letter seeking payment of the amounts which you owe to Eastward Sports Group. As the Trustee of that bankruptcy case he is entitled to payment on behalf of the creditors of Eastward.

  Since that time you have not responded to his request for payment by either paying the amount due or by providing any response as to why you are not legally obligated to pay the amount sought ($14,445.32.). I include herewith a copy of his prior letter which also contains a copy of the invoice showing the amounts due.

  Payment should be made as directed in Mr. Whitmore's October 26, 2015 letter. You may pay the amount due or you may contact me to make suitable arrangements for payment. If you have not made payment or made suitable arrangements by March 22, 2016 I will proceed to commence litigation against you for payment of the amounts due including any and all prejudgment remedies which may be available to me, including but not limited to seeking a writ of attachment. I sincerely hope that will not be necessary.

                Sincerely,

                Franklin C. Adams
                of BEST BEST & KRIEGER LLP

FCA;fca
Cc: Robert Whitmore

23336.00091\24550570.1

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ROBERT S. WHITMORE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTWARD SPORT GROUP INC. | **DEFENDANTS**<br>JAMES EARL THOMPSON, individually and doing business as SCOOTER ZONE, THE SCOOTER ZONE, and WAR TIME SCOOTERS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>THOMAS J. EASTMOND, BEST BEST & KRIEGER LLP<br>3390 UNIVERSITY AVENUE, 5TH FLOOR<br>RIVERSIDE, CA 92510   (951) 686-1450 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>BREACH OF WRITTEN CONTRACT; BREACH OF ORAL CONTRACT; GOODS SOLD AND DELIVERED; REASONABLE VALUE OF GOODS SOLD AND DELIVERED; OPEN BOOK ACCOUNT; AND ACCOUNT STATED | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 14,445.00 |
| Other Relief Sought | |

23336.00091\29226534.1

American LegalNet, Inc.
www.FormsWorkFlow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Eastward Sports Group Inc. | BANKRUPTCY CASE NO.<br>6:15-bk-19317-WJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Hon. Wayne Johnson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Thomas J. Eastmond | | |
| DATE<br>September 13, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>THOMAS J. EASTMOND | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com